# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JOSE LOREDO, o/b/o, )
CHRISTINA M. LOREDO, )
)
            Plaintiff, )
)
v. ) No. 08-3141-CV-S-FJG-SSA
)
MICHAEL J. ASTRUE, )
Commissioner, Social Security )
Administration )
)
            Defendant. )

# ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On November 21, 2007, following a hearing, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On February 28, 2008, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's

conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006), citing, McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000).

Plaintiff argues that the ALJ erred in failing to afford appropriate weight to the opinions of plaintiff's treating psychiatrist, in failing to properly assess plaintiff's mental residual functional capacity and failing to find plaintiff's borderline intellectual functioning a severe impairment, in failng to properly assess plaintiff's physical residual functional capacity and in failing to properly assess plaintiff's credibility.  Plaintiff asks that the Court reverse this decision and award her benefits or alternatively remand the matter for a new administrative hearing.  The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to properly assess how plaintiff's borderline intellectual functioning impacts her mental residual functional capacity. Additionally, the ALJ should address how plaintiff's obesity and spondylosis affect her physical residual functional capacity.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 11) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date:   09/30/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge